[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court having granted the motion for reargument of the defendant Christopher Road Associates (CRA), the relief requested is denied. The defendant Toys "R" Us (Toys) is entitled to indemnification from CRA for the reasons discussed in the court's December 26, 1997 memorandum of decision.
The motion for summary judgment of the defendant Toys against the plaintiff is granted for the reason that Toys did not exercise control over the alleged defect, as discussed in the court's memorandum of decision dated December 26, 1997.
In reaching these decisions, I have considered over Toys' objection the supplemental affidavit submitted by the plaintiff. The affidavit is temporally irrelevant, being too far removed in time to be probative of control. Also, the evidence the affidavit introduces — merchandise on the sidewalk — does not CT Page 7022 evidence control over the defect. Despite adequate opportunity for discovery, there is no evidence that Toys displayed its wares on the sidewalk in 1994, the year the plaintiff was injured. A court cannot presume that Toys used the sidewalk in 1994 to display merchandise, and thereby had control over the sidewalk, based on a photograph taken three years after the plaintiff's injury. Such an inferential leap is logically too great for the court to entertain.
The motion of Toys "R" Us for summary judgment as to the plaintiff's complaint is granted. The motion of Christopher Road Associates for reargument having been granted, the relief requested is denied.
Bruce L. Levin Judge of the Superior Court